1  TODD E. WHITMAN (BAR NO. 173878)
   ALLEN MATKINS LECK GAMBLE
2    MALLORY & NATSIS LLP
   1901 Avenue of the Stars, Suite 1800
3  Los Angeles, California 90067-6019
   Phone:  (310) 788-2400
4  Fax:  (310) 788-2410
   E-Mail:  twhitman@allenmatkins.com
5
   Attorneys for Defendants
6  SGS TOOLS COMPANY and DAUPHIN PRECISION
   TOOL, LLC
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  DESTINY TOOL, a California corporation,        Case No. C07-03117 HRL

12                Plaintiff,                       **DEFENDANTS SGS TOOLS COMPANY AND
                                                   DAUPHIN   PRECISION   TOOL,  LLC'S
13        v.                                       NOTICE OF MOTION AND JOINT MOTION
                                                   TO DISMISS PLAINTIFF'S COMPLAINT
14  SGS TOOLS COMPANY, an Ohio corporation,        AND TO TRANSFER VENUE**
    DAUPHIN PRECISION TOOL, LLC, a
15  Pennsylvania limited liability company, and    Date:   September 18, 2007
    WELDON TOOL COMPANY, an Ohio                   Time:   10:00 a.m.
16  corporation,

17                Defendants.

18

19  TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

20        PLEASE TAKE NOTICE THAT on September 18, 2007, at 10:00 a.m., or as soon thereafter

21  as counsel can be heard, in Courtroom 2 of the above-entitled Court, located at 280 South 1st Street

22  San Jose, California 95113, defendants SGS Tools Company and Dauphin Precision Tool, LLC will,

23  and hereby do move for an order dismissing the action, or alternatively transferring the venue of this

24  action.

25        Said motion to dismiss will be, and is hereby made pursuant to Federal R. Civ. P. 12(b)(6) on

26  the grounds that (1) federal patent law preempts Plaintiff's abuse of process claim (Count II); (2)

27  plaintiff fails to state a claim for abuse of process since the Complaint fails to allege that Defendants

28  did not initiate their prior Ohio action against Plaintiff in "proper form" or with "probable cause; (3)

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA    DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
                 MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1   Plaintiff has failed to allege a "seizure of property" as necessary to state a claim for malicious

2   prosecution (Count I) nor can Plaintiff show that the Ohio action terminated in Plaintiff's favor; and

3   (4) Plaintiff's antitrust claims (Counts III and IV) are barred by the statute of limitations, were waived

4   as a matter of law when Plaintiff failed to assert them as counterclaims in the prior Ohio litigation, and

5   are barred by the doctrine of *res judicata*. Further, in the event that any of Plaintiff's claims survive

6   this Motion to Dismiss, Defendants request that the Court transfer the remaining claims to the

7   Northern District of Ohio pursuant to 28 U.S.C. § 1404(a).

8         This motion is further made and based upon this Notice of Motion, on the accompanying

9   memorandum of points and authorities, filed and served herewith, on all of the pleadings, records, and

10  papers on file herein, and on such further evidence, oral and documentary, and argument as shall be

11  adduced at the hearing of this motion.

12  Dated:  August 9, 2007              ALLEN MATKINS LECK GAMBLE
                                        MALLORY & NATSIS LLP
13  Co-counsel:

14  H. Alan Rothenbuecher          By:    */s/ Todd E. Whitman*
       arothenbuecher@szd.com              TODD E. WHITMAN
15  T. Earl Levere                         Attorneys for Defendants
       elevere@szd.com                     SGS TOOLS COMPANY and DAUPHIN
16  Schottenstein Zox & Dunn               PRECISION TOOL, LLC
    1350 Euclid Ave. Suite 1400
17  Cleveland, Ohio 44115
    (216) 394-5075
18  (216) 394-5092 (fax)

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

-2-
DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL,
LLC'S JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION**

After the dismissal of Plaintiff's counterclaims and a denial of its request for attorneys' fees in a prior Ohio action, Plaintiff commenced this action hoping for a more favorable outcome in its home forum.  The Plaintiff in this matter previously asserted that the Defendants SGS Tools Company ("SGS") and Dauphin Precision Tool, LLC ("Dauphin") (i.e., the plaintiffs in the Ohio action) defrauded the Patent and Trademark Office to acquire a patent and thereafter wrongfully, knowingly, and maliciously asserted the invalid patent against the Plaintiff.  Upon the dismissal of Plaintiff's Ohio claims over Plaintiff's objection and opposition, Plaintiff initiates "round two" in this Court by asserting claims for malicious prosecution (Count I), abuse of process (Count II), and violations of the Sherman Act (Counts III and IV).

This Court should dismiss each of Plaintiff's claims.  First, federal patent law preempts Plaintiff's abuse of process claim set forth as Count II.  Additionally, the numerous and repeated allegations throughout Plaintiff's Complaint, if taken as true, preclude a finding that the Defendants here initiated the Ohio action "in proper form and with probable cause" as is necessary to state a claim for abuse of process.  Second, this Court should dismiss Count I of Plaintiff's Complaint because Plaintiff has failed to allege a seizure of property and concedes in its Complaint that the Ohio action did not terminate in Plaintiff's favor.  Finally, this Court should dismiss Plaintiff's two antitrust claims (Counts III and IV) because Plaintiff has failed to assert them within the applicable statute of limitations, failed to assert them as compulsory counterclaims in the Ohio action, and because they are barred by the doctrine of *res judicata*.

In the alternative, should this Court find that Plaintiff has stated a claim for relief, Defendants respectfully request that this Court transfer this matter to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a).  Plaintiff here is simply seeking to obtain fees and to assert claims that the Northern District Court denied.  Additionally, the conduct challenged in this action took place in Ohio and primarily in the context of litigation in the Northern District of Ohio.  The Northern District of Ohio is best suited to adjudicate whether any impropriety occurred with respect to an action before it and is best suited to determine whether Plaintiff should be allowed

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA    DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1  to assert any related claims that it did not previously assert. Finally, Defendants' witnesses and

2  records are located in Ohio and Pennsylvania. Indeed, the only connection that this dispute has to

3  California is that the Plaintiff resides there and feels that it will get a more favorable ruling from this

4  Court than it did from the Northern District of Ohio. This Court should not countenance Plaintiff's

5  forum-shopping endeavors and, instead, should transfer any surviving claims to the Northern District

6  of Ohio.

7  **II.    BACKGROUND**

8       Plaintiff and Defendants are competitors in the manufacturing, marketing and selling of metal

9  cutting tools. Complaint at ¶¶ 2-4. Defendants are the owners of U.S. Patent No. 5,049,009 ("the

10 '009 Patent"), which issued on September 17, 1991, claiming an "Improved Cutting Tool." Id. at ¶ 6

11 and Exhibit A. For more than forty-five years, Defendants and their related entities have held patents

12 on various cutting tools, including end mills. Id. at ¶ 16.

13      Defendants believed Plaintiff's "Viper line" of products potentially infringed the '009 Patent.

14 Id. at ¶ 77. On June 9, 2003, Defendants sent Plaintiff a letter notifying Plaintiff of this suspected

15 infringement. Id. and Exhibit G. For over thirteen months thereafter, Plaintiff and Defendants

16 discussed and analyzed Plaintiff's suspected infringement of Defendants' '009 Patent. Id. at ¶¶ 78-80.

17 Unable to reach an amicable resolution related to Plaintiff's accused products, Defendant filed suit

18 against Plaintiff for patent infringement on July 13, 2004. Id. at ¶ 81. Defendants' action against

19 Plaintiff was styled, SGS Tools Company and Dauphin Precision Tool, LLC v. Step Tools Unlimited,

20 Inc. d/b/a Destiny Tool, N.D. Ohio Case No. 5:04 CV 1315 ("the Ohio Action"). Id. Plaintiff

21 responded to Defendant's Complaint denying the material allegations therein. Plaintiff also asserted a

22 counterclaim for a declaratory judgment that the '009 Patent was invalid due to Defendants' alleged

23 fraud on the patent office. Id. at ¶¶ 82, 93, 98 (a copy of Plaintiff's Answer and Counterclaim from

24 the Ohio Action is attached hereto as Exhibit 1). Plaintiff did not assert any counterclaims for abuse

25 of process, malicious prosecution, or antitrust violations.

26      On September 15, 2005, Plaintiff moved for summary judgment on its invalidity counterclaim

27 in the Ohio Action, basing its motion on Defendants' alleged failure to disclose certain information to

28 the Patent Office during Defendants' prosecution of the application for the '009 Patent. Id. at ¶¶ 89,

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

-2-
DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

99.  Also on September 15, 2005, Defendants filed a cross-motion to dismiss their infringement claims against the Plaintiff and to dismiss Plaintiff's invalidity counterclaim.  Id. at ¶¶ 90, 99.  Plaintiff opposed Defendants' cross-motion to dismiss.  Id. at ¶¶ 91, 100.  On September 29, 2006, the United States District Court for the Northern District of Ohio denied Plaintiff's motion for summary judgment on its invalidity counterclaim and granted Defendants' cross-motion to dismiss Defendants' claims and Plaintiff's counterclaim.  Id. ¶¶ 91, 100 and Exhibit I.  The Ohio Court also denied Plaintiff's request for its attorneys' fees and costs in the Ohio Action.  Id. at Exhibit I.

Nine months later, dissatisfied with the outcome of the Ohio Action, Plaintiff commenced the instant action in this Court.  As before, Plaintiff seeks to recover the fees it incurred in the Ohio Action (which the Ohio Court denied) along with other unspecified damages.  Id. at 25-26.

### III.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court should grant a motion to dismiss if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007); see also Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000).  For purposes of such a motion, a complaint is construed in a light most favorable to the plaintiff.  Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994).  A court, however, should not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); see Miranda v. Clark County, Nev., 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); Sprewell v. Golden State Warriors, 266 F.3d 979, 987 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."), as amended by, 275 F.3d 1187 (9th Cir. 2001).

The Supreme Court, in passing on the 12(b)(6) standard in the antitrust context (such as in this case), noted that while a complaint attacked by a motion to dismiss for failure to state a claim does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

-3-

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1   relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause

2   of action will not do."  See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "Factual

3   allegations must be enough to raise a right to relief above the speculative level … on the assumption

4   that all the allegations in the complaint are true… ."  Id. at 1965 (citations omitted).

5   **IV.**    **LAW AND ARGUMENT**

6       **A.**    **Count II – Abuse of Process**

7          **1.**    **Federal Patent Law Preempts Plaintiff's Claim for Abuse of Process.**

8           Count II of Plaintiff's Complaint purports to set forth a cause of action for abuse of process.

9   The purported "abuse of process" is Defendants' procurement of a patent through fraud and

10  Defendants' subsequent attempts to enforce the allegedly fraudulently obtained patent against the

11  Plaintiff in the Ohio Action.  Count II fails to state a claim, however, because federal patent law

12  preempts claims for abuse of process arising out of a patentee's conduct before the Patent Office.

13  Accordingly, this Court should dismiss Count II of Plaintiff's Complaint.

14          The United States Court of Appeals for the Federal Circuit squarely addressed and resolved

15  this issue in Abbott Laboratories v. Brennan, 952 F.2d 1346 (Fed. Cir. 1991).  In Abbott, during the

16  prosecution of certain patent applications, plaintiff and defendant disputed the priority of inventorship

17  claimed in the applications.  The Board of Patent Appeals and Interferences awarded priority to

18  defendant Brennan as a result of Abbott's conduct before the Patent Office, which the Board found to

19  be inequitable.  Brennan v. Muetterties, 230 USPQ 145 (Bd. Pat. App. & Int. 1986).  Plaintiff Abbott

20  subsequently filed suit against Brennan seeking to set aside the Board's award of priority to Brennan.

21  Brennan responded and asserted counterclaims for, inter alia, abuse of process and violations of the

22  Sherman Act.  Abbott, 952 F.2d at 1348.

23          The district court dismissed several of Brennan's counterclaims, including its claim under the

24  Sherman Act.  Id.  The district court, however, did not dismiss Brennan's abuse of process

25  counterclaim.  Id.  Abbott and Brennan tried the issue of Abbott's alleged abuse of process and the

26  jury awarded a judgment in Brennan's favor of $1,350,000.  Id. at 1349.  Abbott appealed.

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

-4-

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1    The Federal Circuit Court of Appeals reversed the jury's verdict:

2    Before us is the narrow question of whether the state tort action for abuse of process
     can be invoked as a remedy for inequitable or other unsavory conduct of parties to
3    proceedings in the Patent and Trademark Office. We conclude that it can not.

4    Id. at 1355.[1]  The Federal Circuit reasoned that a party may not use state law as a collateral attack on

5    proceedings held before the Patent and Trademark Office.

6    The patent grant is within the exclusive purview of federal law. Although certain
     traditional state concerns may properly be raised when patent rights are litigated, the
7    issue at bar relates directly to administrative proceedings before the PTO Board of
     Patent Appeals and Interferences.
8
     Id. at 1355-56 (internal citations omitted); see also Gilbert v. Ban-Asher, 900 F.2d 1047 (9th Cir.
9
     1990) (court affirmed the dismissal of an abuse of process claim in which the plaintiff challenged a
10
     ruling of the state Board of Medical Examiners revoking his medical license).
11
     Ultimately, the Federal Circuit held:
12
     We conclude that the federal administrative process of examining and issuing patents,
13   including proceedings before the PTO's boards, is not subject to collateral review in
     terms of the common law tort of abuse of process…. An additional state action would
14   be an inappropriate collateral intrusion on the regulatory procedures of the PTO,
     "under the guise of a complaint sounding in tort"…and is contrary to Congress'
15   preemptive regulation in the area of patent law.

16   Id. at 1357 (internal citations omitted). Accordingly, this Court should dismiss Plaintiff's claim for

17   abuse of process (Count II) as being preempted by federal patent law.

18              **2.    Plaintiff Has Failed to Plead a Cause of Action for Abuse of Process.**

19              In addition to being preempted by federal patent law, Count II of Plaintiff's Complaint also

20   fails to state a claim because Plaintiff can allege no facts that would support material elements of its

21   claim for abuse of process. Ohio law – which controls here given that the abuse of process took place

22   in Ohio and involved an Ohio court and Ohio local rules – requires a plaintiff alleging abuse of

23   process to establish:  (1) that a legal proceeding has been set in motion in proper form and with

24   probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior

25

26   [1]   While the Abbott case involved a claim for abuse of process under Michigan law, the elements of
     a cause of action under Michigan law are essentially the same as a cause of action under Ohio law.
27   See Friedman v. Dozorc, 412 Mich. 1, 30 (1981) (stating, "To recover upon a theory of abuse of
     process, a plaintiff must plead and prove (1) an ulterior purpose and (2) an act in the use of
28   process which is improper in the regular prosecution of the proceeding."). See pages 7-8, infra,
     for a discussion of the elements for a cause of action for abuse of process under Ohio law.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

-5-

620338.01/WLA    DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process. Yaklevich v. Kemp, Schaeffer & Rowe Co., LPA, 68 Ohio St. 3d 294, 298 (1994). "[T]here is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Id. at 298 n.2 (quoting Prosser & Keeton, The Law of Torts (5 Ed.1984) 897, Section 121, at 898, alterations in original).

Here, Plaintiff's Complaint specifically alleges that Defendants initiated the Ohio Action in bad faith and without probable cause:

- "Defendants, and each of them, acted without probable cause in bringing the above-mentioned action in that they did not honestly and reasonably believe that there were grounds for the infringement action because they new, based on their conduct before the USPTO and subsequent confrontations, their patent was obtained through fraudulent representations to the USPTO." Complaint at ¶ 102.

- "Because defendants knew or had reason to know the '009 Patent was invalid, their infringement suit was asserted in bad faith. No reasonable litigant in defendants' position would have objectively or subjectively believed in the merits of the lawsuit." Id. at ¶ 96.

- "As stated above, because defendants knew the '009 Patent was invalid and unenforceable, their unsuccessful patent infringement action was objectively and subjectively baseless, and it was therefore undertaken in bad faith." Id. at ¶ 104.

- "Defendants, on several occasions, were confronted with the relevant prior art after the issue of the '009 Patent. Defendants knew or had reason to know of the relevant prior art, and therefore knew of the '009 Patent's invalidity, or had reason to doubt its validity." Id. at ¶ 94.

- "As stated above, because defendants had no reasonable belief in the merits of the litigation, defendants misused the litigation as a tool to damage Destiny's good business reputation…." Id. at ¶ 111.

- "Destiny is informed and believes and thereon alleges that defendant SGS and Dauphin Precision Tool's infringement lawsuit against Destiny was a sham and was both objectively and subjectively baseless for reasons including the suit's lack of any reasonable merit, and Defendants' lack of any probably cause for bringing it…." Id. at ¶ 128.

Contrary to the requirement that an abuse of process plaintiff allege that the prior action was brought in proper form and with probable cause, Plaintiff repeatedly asserts that the Defendants lacked probable cause and knowingly brought the Ohio Action in bad faith. Accordingly, this Court should dismiss Count II of Plaintiff's Complaint for failing state a claim for abuse of process. Yaklevich, 68 Ohio St. 3d at 298; see also Kremer v. Cox, 114 Ohio App. 3d 41, 682 N.E.2d 1006, 1013 n.5 (Ohio Ct. App. 1996) (stating "The underlying action must be brought with probable cause in order to

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

-6-

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1   support a subsequent claim for abuse of process."); <u>Luciani v. Schiavone</u>, 2000 U.S. App. LEXIS

2   5842 (6th Cir. 2000) (stating, "If this allegation [of no probable cause] were true, it would defeat his

3   claim for abuse of process since probable cause is a required element of the tort." and citing <u>Kremer v.

4   Cox</u> with approval).[2]

5       **B.**      **Malicious Prosecution – Count I**

6         In addition to dismissing Count II, this Court should dismiss Plaintiff's claim for malicious

7   prosecution set forth in Count I. A plaintiff must allege four essential elements to state a claim for

8   malicious prosecution: (1) malicious institution of prior proceedings; (2) lack of probable cause for

9   the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor; and (4) sei-

10  zure of plaintiff's person or property during the course of the prior proceedings. <u>Crawford v. Euclid

11  National Bank</u>, 19 Ohio St. 3d 135, 139 (1985); <u>Kelly v. Whiting</u>, 17 Ohio St. 3d 91, 94 (1985). This

12  Court should dismiss Count I because Plaintiff's Complaint shows that the Ohio Action did not

13  terminate in Plaintiff's favor. Additionally, this Court should dismiss Count I of Plaintiff's Complaint

14  because Plaintiff has failed to allege a "seizure of property" as necessary to state a claim for malicious

15  prosecution.

16        **1.**      **The Ohio Action Did Not Terminate in Plaintiff's Favor.**

17        The third element of a claim for malicious prosecution is that the prior action terminate in

18  favor of the plaintiff. <u>Crawford</u>, 19 Ohio St. 3d at 139. Plaintiff, however, cannot satisfy this

19  requirement because, by Plaintiff's own admissions, the Ohio Action did not terminate in Plaintiff's

20  favor. Rather, as Plaintiff alleges, the Ohio District Court dismissed all the claims in the action over

21  Plaintiff's objection and opposition. Complaint at ¶ 91 (alleging, "Despite Destiny's opposition to the

22  dismissal, on September 29, 2006, the Court granted SGS and Dauphin's motion to voluntarily

23  dismiss its infringement claim with prejudice. The Court also dismissed Destiny's counterclaim for

24  declaratory judgment of invalidity without prejudice."); <u>Id.</u> at ¶ 100 (same). Thus, by Plaintiff's own

25  admission, the Ohio Action did not end in Plaintiff's favor. In fact, the Ohio District Court found that

26  the Plaintiff was not a prevailing party in the Ohio Action. The Ohio District Court held:

27        The Court, however, finds that it may not grant judgment for the Defendant [Destiny]
          on either claim because it has been stripped of subject-matter jurisdiction for lack of an

28  ───────────────────
    [2]   Copies of unreported Ohio or 6th Circuit cases are attached as Exhibit 2, in alphabetical order.

LAW OFFICES
**Ulen Matkins Leck Gamble
Mallory & Natsis LLP**

620338.01/WLA    DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1    actual controversy as stated above…. Additionally, the awarding of costs and attorney
2    fees is at the direction of this Court and, without a judgment in favor of the Defendant
     *it cannot be found to be a prevailing party in this action.*

3    See Complaint at Exhibit I, p. 5-6 (emphasis added).[3]

4        Based on the facts alleged in Plaintiff's Complaint, and the attachments thereto, Plaintiff
5    cannot show that the Ohio Action terminated in Plaintiff's favor and, as a result, cannot state a claim
6    for malicious prosecution.

7                    **2.    Plaintiff Has Failed to Allege a "Seizure of Property."**

8        In addition to being unable to demonstrate that the Ohio Action terminated in Plaintiff's favor,
9    Plaintiff has failed to allege any facts or any actions that would amount to a "seizure of property"
10   sufficient to state a claim for malicious prosecution.  Ohio law mandates a "seizure of property" in
11   order to sustain a civil malicious prosecution claim.

12       For example, in Lemieux v. Central Oil field Supply Co. of Logan, 1990 WL 128277 (Ohio
13   App. Sept. 7, 1990), the plaintiff asserted a malicious prosecution claim alleging that the defendant
14   had initiated prior proceedings against him that proved to be frivolous and were ultimately dismissed.
15   Like Plaintiffs, Lemieux alleged his time and expense in defending the lawsuit constituted a seizure.
16   The court disagreed and dismissed his claims: "Appellant is only seeking redress for attorney's fees
17   incurred in defending the original action against him brought by appellee sounding in professional
18   negligence…such special damages are not recognized as an exception to the seizure requirement by
19   the Ohio Supreme Court."  Id. at *2; see also Garnett v. Meckler, 1990 WL 37424 (Ohio App.
20   March 29, 1990) (holding that attorney's "valuable time and services" spent in defending and
21   defeating the original suit does not amount to a "seizure" satisfying the fourth element mandated
22   under Crawford).

23       In this case, Plaintiff has not alleged a cognizable seizure of property.  Having failed to do so,
24   Plaintiff's claim for malicious prosecution (Count I) should be dismissed.

25   _____
     [3]  Destiny also requested leave to amend its Answer and Counterclaim to assert one or more claims
26   that would not be barred. Id. at Exhibit I, p. 5.  Presumably the claims Destiny sought to include
     in the Ohio Action are the claims that Destiny now asserts in this Court.  The Ohio Court,
27   however, refused to allow Destiny to assert its new claims.  The Court stated, "[B]ecause this
     action has been pending for over two years, Defendant [Destiny] has had ample opportunity to
28   amend the counterclaim to assert a claim other than one for declaratory judgment and has chosen
     not to do so within the time allotted by this Court." Id. at Exhibit I, p. 6.

LAW OFFICES
Ulen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

-8-

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

**C.    Monopolization and Attempted Monopolization in Violation of Section 2 of the Sherman Antitrust Act – Counts III and IV.**

Like Counts I and II of Plaintiff's Complaint, Plaintiff's Sherman Act antitrust counts fail for at least two reasons. First, the four-year statute of limitations bars Plaintiff's antitrust claims. Second, even if not barred by the statute of limitation, Plaintiff waived its antitrust claims, if any, by failing to raise them as counterclaims in the Ohio Action.

**1.    The Statute of Limitations Bars Plaintiff's Claims.**

Counts III and IV of Plaintiff's Complaint purport to set forth causes of action for monopolization and attempted monopolization in violation of Section 2 of the Sherman Antitrust Act. Plaintiff alleges that Defendants monopolized or attempted to monopolize by taking action to enforce the allegedly fraudulently obtained patent against the Plaintiff in the Ohio Action. Complaint ¶¶ 127 – 132, 135 – 141. However, the applicable statute of limitations bars Counts III and IV of Plaintiff's Complaint. Accordingly, this Court should dismiss Counts III and IV.

Federal law requires that "any action to enforce any cause of action under [the Sherman or Clayton Antitrust Acts] shall be forever barred unless commenced within four years after the cause of action has accrued." 15 U.S.C. §15(b). Under this section, "a cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 338 (1971).

In this case, the "act" complained of is the alleged fraudulent enforcement of the '009 Patent. On June 9, 2003, Plaintiff received a demand letter from Mark Watkins of Hahn, Loeser and Parks, claiming possible infringement of the '009 Patent.[4] Complaint at ¶ 77. Thus, by Plaintiff's own admission, it had notice of its antitrust claims on or before June 9, 2003. If Plaintiff had exercised reasonable diligence, it would have discovered adequate grounds for filing the instant antitrust claims prior to the expiration of the limitations period. Yet, it was not until June 13, 2007, over four years

---

[4] Courts have recognized the availability of a remedy against cease and desist notifications. For example, in Gardiner v. Gendel, 727 F. Supp. 799 (E.D.N.Y 1989), the court concluded that a claim for unfair competition arose solely based upon the false and misleading threats of patent infringement (contained in cease and desist letters) sent to defendants and defendants' customers prior to the time that plaintiffs had acquired enforceable rights. Id. at 805.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA    DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1    later, that Plaintiff filed its Complaint alleging the antitrust violations. Accordingly, Plaintiff's claims

2    are barred by the applicable statute of limitations.

3    **2.    Pursuant to Federal Civil Rule 13(a), Plaintiff Waived Its Antitrust**

4    **Claims by Failing to Raise Them in the Ohio Action.**

5    As set forth previously, Defendants filed suit against Plaintiff for patent infringement on Ju-

6    ly 13, 2004. Complaint at ¶81. Plaintiff responded to the Complaint in the Ohio Action by denying

7    the material allegations therein. In addition, Plaintiff asserted a counterclaim in the Ohio Action

8    seeking declaratory judgment that the '009 Patent was invalid due to Defendants' alleged fraud on the

9    patent office. Id. at ¶¶ 82, 93, 98. However, Plaintiff did not assert any counterclaims for alleged

10   antitrust violations. Pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, the alleged

11   antitrust violations were compulsory counterclaims in the Ohio Action. Because the alleged antitrust

12   violations were compulsory counterclaims in the Ohio Action, Fed. R. Civ. P. 13(a) precludes Plaintiff

13   from asserting those claims here. Accordingly, this Court should dismiss Counts III and IV of

14   Plaintiff's Complaint.

15   Specifically, Rule 13(a) of the Federal Rules of Civil Procedure states:

16   (1) *In General.* A pleading must state as a counterclaim any claim that – at the time of
     its service – the pleader has against an opposing party of the claim:

17

18   (A) arises out of the transaction or occurrence that is the subject matter of the
     opposing party's claim; and

19   (B) does not require adding another party over whom the court cannot acquire
     jurisdiction.

20

21   Fed. Civ. R. P. 13(a). "To determine whether a claim qualifies as a compulsory counterclaim, we

22   must assess whether it bears a 'logical relationship' to the opposing party's claims." Great Lakes

23   Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3rd Cir. 1961). Under the logical relationship

24   test, the court "determines whether the issues of law and fact raised by the claims are largely the same

25   and whether substantially the same evidence would support or refute both claims." Sanders v. First

26   Nat'l Bank & Trust Co., 936 F.2d 273, 277 (6th Cir. 1991).

27   Under Rule 13(a), several courts have found that antitrust and fraud claims are "logically

28   related" to infringement claims in patent cases. For example, in USM Corp. v. SPS Technologies,

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

620338.01/WLA

-10-

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1   Inc., 102 F.R.D. 167 (N.D. Ill. 1984), the court was confronted with antitrust claims alleging that a

2   patent had been procured by fraud on the PTO and should be declared invalid. Id. at 169. The USM

3   court held that the antitrust claims should have been asserted as compulsory counterclaims in the

4   earlier action, and that the failure to do so rendered the claims forever barred. The court stated:

5           Since the fraud allegations necessary to invalidate the…patent are identical to the
            fraud allegations which provide the basis for the antitrust claim, there can be no doubt
6           that these claims, although grounded in different legal theories, are essentially
            identical. Furthermore, the fraudulent procurement of a patent claim whether asserted
7           as a defense to an infringement suit or brought separately as an antitrust claim, is
            "logically related" to a claim for patent infringement. As such, that claim must be
8           presented under Rule 13(a) or it is forever barred.

9   Id. at 170.

10          Similarly, in Lewis Mfg. Co. v. Chisholm-Ryder Co., 82 F.R.D. 745 (W.D. Pa. 1979), also

11  involving an antitrust suit[5] brought against a patent holder after the conclusion of a patent

12  infringement case between the same parties, the court held that "because of its close identity of factual

13  and legal issues with those presented by the [prior] patent infringement action, [plaintiff's] antitrust

14  counterclaim is 'logically related'…and thus must be viewed as a compulsory counterclaim to

15  [defendant's prior] patent infringement action." Id. at 749. Consequently, the Lewis court dismissed

16  the antitrust claims.

17          In this case, Counts III and IV of Plaintiff's Complaint allege that Defendants' fraudulently

18  procured the '009 Patent. Complaint at ¶¶ 123-127, 135-136. Additionally, Counts III and IV allege

19  that the Ohio Action was a "sham" because Defendants acted in bad faith in filing and prosecuting the

20  Ohio Action knowing that the '009 Patent was invalid as a result of their fraud on the Patent Office.

21  Complaint at ¶¶ 128-133, 135, 137. The allegations that were necessary to invalidate the '009 Patent

22  in order to defeat the Ohio Action are identical to the allegations that provide the basis for Plaintiff's

23  present antitrust claims.

24          Plaintiff's Affirmative Defenses and Counterclaim to the First Amended Complaint in the

25  Ohio Action underscore the logical relationship between the Ohio Action and Plaintiff's antitrust

26  claims. For example, as Plaintiff's Fifth separate and affirmative defense in the Ohio Action, Plaintiff

27

28  [5]   The antitrust suit alleged that the patent holder had precluded its competitor from the market by
            enforcing patents which it knew had been obtained by fraud on the PTO. Id. at 746.

LAW OFFICES
Ullen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

-11-

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1   asserted that "by initiating and maintaining the present action, [Defendants] have engaged in patent

2   misuse and vexatious litigation."  See Exhibit 1.  In addition, Plaintiff's Counterclaim sought a

3   declaratory judgment declaring that the '009 Patent was invalid and/or unenforceable.  As such, the

4   same evidence necessary to support Plaintiff's antitrust claims here would have refuted the

5   Defendants' claim for patent infringement in the Ohio Action.  For reasons known only to the

6   Plaintiff, however, Plaintiff voluntarily elected not to assert its antitrust claims as counterclaims in the

7   Ohio Action.  Rule 13(a) now precludes Plaintiff from asserting those claims here.

8       **3.    Plaintiff's Antitrust Claims are Barred by the Doctrine of *Res Judicata*/**

9       **Claim Preclusion.**

10      Even apart from Rule 13(a), the doctrine of *res judicata* bars Plaintiff's antitrust claims.  *Res*

11  *judicata* precludes the re-litigation of issues actually determined in the prior proceeding as well as

12  matters "which could have been raised in the prior suit."  Hagee v. City of Evanston, 729 F.2d 510

13  (7th Cir. 1982).  *Res judicata* has four elements:  (1) a final decision on the merits by a court of

14  competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue

15  in the subsequent action which was litigated or which should have been litigated in the prior action;

16  and (4) identity of the causes of action.  Rowe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528

17  (6th Cir. 2001) (quoting Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995).

18      Application of *res judicata* requires that there has been a final decision on the merits by a court

19  of competent jurisdiction.  Id.  In the Ohio Action, the United States District Court for the Northern

20  District of Ohio dismissed with prejudice Defendants' Complaint alleging patent infringement and

21  dismissed Plaintiff's counterclaim seeking a judgment declaring the '009 Patent invalid without

22  prejudice.  Complaint at ¶¶ 91, 100 and Exhibit I.

23      Rule 41(b) of the Federal Rules of Civil Procedure states in relevant part:

24      Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and
        any dismissal not under this rule – except for lack of jurisdiction, improper venue,
25      or failure to join a party under Rule 19 – operate as an adjudication on the merits.

26  Fed. Civ. R. P. 41(b).  In Schwartz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985), the court held that

27  "dismissal of an action with prejudice, is a complete adjudication of the issues presented by the

28  pleadings and is bar to a further action between the parties."  Similarly, in Citibank v. Data Lease

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

-12-

620338.01/WLA    DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1  Financial Corp., 904 F.2d 1498, 1501 (11th Cir. 1990), the court noted that "[t]he phrases 'with

2  prejudice' and 'on the merits' are synonymous terms, both of which invoke the doctrine of claim

3  preclusion."[6]

4       In the present case, the United States District Court for the Northern District of Ohio dismissed

5  Defendants' patent infringement claims against Plaintiff **with prejudice**. Complaint at ¶¶ 91, 100 and

6  Exhibit I. Accordingly, as to the first element of *res judicata*, the order dismissing Defendants' claims

7  with prejudice was a final judgment on the merits.

8       The second element of *res judicata* requires a subsequent action between the same parties or

9  their privies. Rowe, 462 F.3d at 528. In this case, Defendants sued the Plaintiff in the Ohio Action.

10  While the tables are now turned, the parties in this action are identical to the parties in the Ohio

11  Action.

12       Third, *res judicata* requires an issue in the subsequent action that was litigated or which should

13  have been litigated in the prior action. Id. Plaintiff's antitrust claims are compulsory counterclaims

14  which should have been litigated in the prior action; however, Plaintiff failed to assert those

15  counterclaims. Even though the Court did not dismiss Plaintiff's counterclaim with prejudice,

16  compulsory counterclaims not asserted in the original action are forever barred once the original

17  action is dismissed with prejudice. See, McConnell v. Applied Performance Technologies, Inc., 2002

18  U.S. Dist. LEXIS 27599 (S.D. Ohio 2002) (applying Ohio law). And, as discussed in Section IV.C.2.,

19  supra, Plaintiff's antitrust claims are barred because the claims were compulsory counterclaims in the

20  Ohio Action, where Defendants sued Plaintiff for patent infringement. As a result, Plaintiff's failure

21  to raise the antitrust claims in the Ohio Action precludes it from raising those claims now. This, in

22  turn, means the third element of *res judicata* is satisfied.

23       Finally, the fourth element of *res judicata* requires identity of the causes of action. "Identity of

24  cause of action" means an "identity of the facts creating the right of action and of the evidence

25  necessary to sustain each action." Westwood Chemical Co. v. Kulick, 656 F.2d 1224, 1227 (6th Cir.

26  1981). As discussed previously herein, the same evidence necessary to support Plaintiff's antitrust

27

28  _____
    [6]   See also 9 Wright & Miller, Fed. Practice and Procedure §2367 at 319-20 (1995 ed.) (Dismissal
          with prejudice, unless the court has made some other provision, is subject to the usual rules of res
          judicata and is effective not only on the immediate parties but also on their privies.)

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

-13-

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1  claims here would have refuted the Defendants' claim for patent infringement in the Ohio Action.

2  See, supra Section IV.C.2.  Accordingly, the fourth element of res judicata is satisfied and Plaintiff

3  should be precluded from litigating its antitrust claims in this Court.

4  **V.    THIS COURT SHOULD TRANSFER THIS ACTION PURSUANT TO 28 U.S.C.**

5  **§ 1404.**

6      In the event that this Court finds that Plaintiff's Complaint states one or more claims for relief,

7  this Court should transfer the instant action to the United States District Court for the Northern

8  District of Ohio pursuant to 28 U.S.C. § 1404.  This action arises out of Defendants' alleged conduct

9  in litigation that was pending in the Northern District of Ohio.  Plaintiff alleges that Defendants'

10 conduct was malicious, an abuse of process, and a violation of federal antitrust laws.  At all times

11 during the Ohio Action, however, Defendants acted under the supervision of, and pursuant to the rules

12 of, the Northern District of Ohio.  In the Ohio Action, Plaintiff challenged Defendants' conduct in its

13 opposition to Defendants' motion to dismiss the Ohio claims.  The Northern District of Ohio,

14 however, rejected Plaintiff's challenges to Defendants' conduct in the Ohio Action, finding that

15 Plaintiff was not entitled to recover its fees and costs incurred in defending the Ohio Action and

16 further finding that Plaintiff was not entitled to amend its counterclaim to include additional claims

17 that Plaintiff had not previously asserted there.  These facts, combined with the fact that Defendants'

18 witnesses and offices are located in Ohio and Pennsylvania (Complaint at ¶¶ 3, 4) and the fact that

19 Defendants engaged in their accused conduct from or within Ohio, makes Ohio the more appropriate

20 forum for the instant action.

21      "For the convenience of parties and witnesses, in the interest of justice, a district court may

22 transfer any civil action to any other district or division where it might have been brought."

23 28 U.S.C.A. § 1404(a) (2007).  The decision rests within the sound discretion of the trial court and the

24 court should make such determinations on an individualized basis.  Jones v. GNC Franchising, Inc.,

25 311 F.3d 495, 498 (9th Cir. 2000).  The Ninth Circuit has established a § 1404(a) balancing test for

26 transferability that incorporates a multitude of factors.  Id.

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

620338.01/WLA

-14-

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1    In *Jones*, the Ninth Circuit advanced factors that a court may weigh in determining whether a

2    transfer under § 1404(a) is appropriate for a particular case, stating:

3        [T]the court may consider:  (1) the location where the relevant agreements were
         negotiated and executed, (2) the state that is most familiar with the governing law,
4        (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum,
         (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the
5        differences in the costs of litigation in the two forums, (7) the availability of
         compulsory process to compel attendance of unwilling non-party witnesses, and
6        (8) the ease of access to sources of proof.

7    Id. at 498.  The Court added that "the relevant public policy of the forum state, if any, is at least as

8    significant a factor in the § 1404(a) balancing."  Id. at 498.

9    With respect to the first <u>Jones</u> factor, although there are no "agreements" at issue per se, the

10   overwhelming majority of the conduct at issue here occurred in Ohio as part of the Ohio Action.

11   Likewise, Defendants' accused pre-litigation activity took place in or from Ohio.  <u>See, e.g.,</u> Complaint

12   at ¶¶ 38-42, 51, 54-55, 68, 71-73, 75, 77-78, 84-85, 88.  Accordingly, pursuant to the second factor,

13   the Ohio Court is most familiar with the law that would govern Plaintiff's state law claims for

14   malicious prosecution and abuse of process given that the "prosecution" and "process" at issue

15   occurred in the Ohio court, pursuant to Ohio's rules and practices.  The Ohio Court also is more

16   familiar with its own rules and expectations and is therefore best suited to pass on the appropriateness

17   of Defendants' actions there.[7]

18   Under the fourth <u>Jones</u> factor, both Plaintiff and the Defendants have extensive contacts with

19   Ohio that are relevant to this dispute.  As noted above, the litigation from which this case arises took

20   place in the Northern District of Ohio.  The Ohio Action lasted for over two years (Complaint at

21   Exhibit I, p. 6) and all parties participated fully and aggressively.  Indeed, Plaintiff alleges that its

22   legal fees and costs for the Ohio Action alone exceeded $230,000.  Id. at ¶ 106.  Each of these factors

23   weighs strongly in favor of transferring this case to the Northern District of Ohio where the Ohio

24   Action occurred.

25   The third and fifth factors are the only factors that even arguably weigh in favor having this

26   action move forward in this Court.  Obviously, the third factor favors California simply because

27

28   [7]   Indeed, the Ohio Court already did so when it granted Defendants' motion to dismiss over
         Plaintiff's objection and denied Plaintiff's requests for attorney fees and costs. See Complaint at
         Exhibit I, p. 6.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

-15-

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1  Plaintiff selected this forum.  But, while the plaintiff's choice of forum is generally a strong interest in

2  the consideration of a transfer, indication of forum-shopping by the plaintiff will result in the

3  plaintiff's choice of forum being accorded little weight in the decision.  See <u>Alltrade Inc. v. Uniweld</u>

4  <u>Products, Inc.</u>, 946 F.2d 622 (9th Cir. 1991).

5        Plaintiff's forum shopping in this case is impossible to ignore.  The Ohio court denied

6  Plaintiff's requested relief, dismissed Plaintiff's counterclaim over Plaintiff's opposition, refused to

7  allow the Plaintiff to assert new counterclaims as a result of Plaintiff's unexplained delay in seeking

8  leave to amend, and refused Plaintiffs' request for sanctions.  Still stinging from this ruling, Plaintiff

9  files the action in this Court nine months later, asserting at least some of the claims it sought to assert

10  in Ohio, in the hope of obtaining a more favorable result in its home court.  Public policy favors not

11  rewarding such tactics.

12        Likewise, under the fifth factor, the only contact between Plaintiff's claims and California is

13  that the Plaintiff resides in California.  Complaint at ¶ 2.  That fact is simply not enough for this Court

14  to retain jurisdiction.

15        For example, in <u>Italian Colors Restaurant v. American Express Co.</u>, 2003 WL 22682482 (N.D.

16  Cal. 2003), a class action ultimately transferred to the Southern District of New York, this Court

17  analyzed whether a transfer was appropriate under § 1404(a) for an action where "the only contact

18  between the proposed plaintiff class and this district is the individual named plaintiff's place of

19  business."  <u>Id.</u> at *4.  The Court stated that because an inference of forum-shopping could rationally

20  be inferred, the plaintiffs' choice of forum should be subsequently disregarded.  <u>Id.</u> at *4; <u>see</u> <u>also</u>

21  <u>IBM Credit Corp. v. Definitive Computer Services, Inc.</u>, 1996 U.S. Dist. LEXIS 2385 (N.D. Cal.

22  1996) (stating, "[O]rdinarily, where the forum lacks any significant contact with the activities alleged

23  in the complaint, plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a

24  resident of the forum").  Thus, even the third and fifth factors do not strongly support maintaining this

25  action in California.

26        Finally, the remaining factors (differences in costs of litigation, availability of compulsory

27  process, and the ease of access to proof) do not weigh particularly in favor of either location.  On

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

-16-

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1  balance, then, transferring this action to the Northern District of Ohio best serves the interests of

2  justice and furthers notions of judicial economy and judicial consistency.

## VI.    CONCLUSION

4      This Court should dismiss Plaintiff's Complaint in its entirety.  Plaintiff's Complaint is purely

5  an attempt by Plaintiff to gain a "second bite at the apple" on fees and claims that the Ohio District

6  Court denied in the Ohio Action.  Plaintiff hopes to obtain a more favorable result in this action by

7  asserting it in its own back yard.  This Court should not support such forum-shopping.

8      Moreover, none of the counts in Plaintiff's Complaint states a cause of action upon which this

9  Court may grant relief.  First, federal patent law preempts Plaintiff's claim for abuse of process

10  (Count II).  Additionally, Plaintiff's Complaint demonstrates that Plaintiff does not believe that

11  Defendants brought the Ohio Action in proper form and with probable cause.  Second, Plaintiff's

12  claim for malicious prosecution (Count I) fails because Plaintiff has not alleged a seizure of property

13  nor can Plaintiff show that it prevailed in the Ohio Action.  Finally, Plaintiff's Sherman Act claims

14  (Counts III and IV) fail because they are barred by the statute of limitations, Plaintiff waived them by

15  failing to assert them as counterclaims in the Ohio Action, and the doctrine of *res judicata* bars their

16  assertion.  Accordingly, this Court should dismiss Plaintiff's Complaint.

17      Alternatively, should this Court find that Plaintiff has stated a claim for relief, this Court

18  should transfer this action to the Northern District of Ohio.  This Court should not tolerate Plaintiff's

19  forum-shopping endeavors and, instead, should transfer Plaintiff's remaining claims, if any, to the

20  Northern District of Ohio.  Plaintiff's California case seeks to recover fees and to assert claims that the

21  Northern District of Ohio court already denied.  Additionally, the conduct challenged in this action

22  took place in Ohio and primarily in the context of litigation before the Northern District of Ohio.  The

23  Northern District of Ohio is in the best position to judge the propriety of Defendants' conduct before it

24  and is best suited to determine whether Plaintiff should be allowed to assert related claims that

25  Plaintiff failed to assert previously.  The only connection that this dispute has to California is that the

26  Plaintiff resides there and feels that it will get a more favorable ruling from this Court than it did from

27  the Northern District of Ohio.  This reason, however, is insufficient to outweigh the reasons and

28  benefits of transferring this action to the Northern District of Ohio.  As a result, to the extent that any

LAW OFFICES
**Ulen Matkins Leck Gamble
Mallory & Natsis LLP**

620338.01/WLA

-17-

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1    of Plaintiff's claims survive Defendants' Motion to Dismiss, this Court should transfer those claims to

2    the United States District Court for the Northern District of Ohio.

3    Dated:  August 9, 2007                    ALLEN MATKINS LECK GAMBLE
                                                MALLORY & NATSIS LLP
4    Co-counsel:

5    H. Alan Rothenbuecher              By:    /s/ Todd E. Whitman
        arothenbuecher@szd.com                 _____
6    T. Earl Levere                            TODD E. WHITMAN
        elevere@szd.com                        Attorneys for Defendants
7    Schottenstein Zox & Dunn                  SGS TOOLS COMPANY and DAUPHIN
     1350 Euclid Ave. Suite 1400               PRECISION TOOL, LLC
8    Cleveland, Ohio 44115
     (216) 394-5075
9    (216) 394-5092 (fax)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

-18-
DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL, LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO TRANSFER VENUE

1

## <u>TABLE OF CONTENTS</u>

2                                                                                                                                              <u>Page</u>

3   I.      INTRODUCTION ................................................................................................... 1

4   II.     BACKGROUND ..................................................................................................... 2

5   III.    STANDARD OF REVIEW ...................................................................................... 3

6   IV.     LAW AND ARGUMENT ........................................................................................ 4

7           A.      Count II – Abuse of Process .......................................................................... 4

8                   1.      Federal Patent Law Preempts Plaintiff's Claim for Abuse of
9                           Process ................................................................................................ 4

10                  2.      Plaintiff Has Failed to Plead a Cause of Action for Abuse of
                            Process ................................................................................................ 5

11          B.      Malicious Prosecution – Count I..................................................................... 7

12                  1.      The Ohio Action Did Not Terminate in Plaintiff's Favor ........................ 7

13                  2.      Plaintiff Has Failed to Allege a "Seizure of Property."............................. 8

14          C.      Monopolization and Attempted Monopolization in Violation of
15                  Section 2 of the Sherman Antitrust Act – Counts III and IV .............................. 9

16                  1.      The Statute of Limitations Bars Plaintiff's Claims .................................. 9

17                  2.      Pursuant to Federal Civil Rule 13(a), Plaintiff Waived Its
                            Antitrust Claims by Failing to Raise Them in the Ohio
18                          Action ............................................................................................... 10

19                  3.      Plaintiff's Antitrust Claims are Barred by the Doctrine of *Res
                            Judicata*/ Claim Preclusion .................................................................. 12

20  V.      THIS COURT SHOULD TRANSFER THIS ACTION PURSUANT TO
21          28 U.S.C. § 1404 ................................................................................................ 14

22  VI.     CONCLUSION ................................................................................................... 17

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

(i)

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL,
LLC'S JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Abbott Laboratories v. Brennan, 952 F.2d 1346 (Fed. Cir. 1991)................................................4

Alltrade Inc. v. Uniweld Products, Inc., 946 F.2d 622 (9th Cir. 1991)........................................16

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007)..............................................3, 4

Brennan v. Muetterties, 230 USPQ 145 (Bd. Pat. App. & Int. 1986)..........................................4

Citibank v. Data Lease Financial Corp., 904 F.2d 1498, 1501 (11th Cir. 1990).........................13

Crawford v. Euclid National Bank, 19 Ohio St. 3d 135, 139 (1985)..............................................7

Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228
(9th Cir. 1994) ................................................................................................................3

Garnett v. Meckler, 1990 WL 37424 (Ohio App. March 29, 1990) ...........................................8

Gilbert v. Ban-Asher, 900 F.2d 1047 (9th Cir. 1990) ...............................................................5

Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3rd Cir. 1961)................10

Hagee v. City of Evanston, 729 F.2d 510 (7th Cir. 1982)..........................................................12

IBM Credit Corp. v. Definitive Computer Services, Inc., 1996 U.S. Dist.
LEXIS 2385 (N.D. Cal. 1996)........................................................................................16

Italian Colors Restaurant v. American Express Co., 2003 WL 22682482 (N.D. Cal.
2003)..............................................................................................................................16

Jones v. GNC Franchising, Inc., 311 F.3d 495, 498 (9th Cir. 2000) ........................................14

Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995) ..................................................12

Kelly v. Whiting, 17 Ohio St. 3d 91, 94 (1985)........................................................................7

Kremer v. Cox, 114 Ohio App. 3d 41, 682 N.E.2d 1006, 1013 n.5 (Ohio Ct.
App. 1996)......................................................................................................................6

Lemieux v. Central Oil field Supply Co. of Logan, 1990 WL 128277 (Ohio App.
Sept. 7, 1990)..................................................................................................................8

Lewis Mfg. Co. v. Chisholm-Ryder Co., 82 F.R.D. 745 (W.D. Pa. 1979) .................................11

Luciani v. Schiavone, 2000 U.S. App. LEXIS 5842 (6th Cir. 2000)............................................7

McConnell v. Applied Performance Technologies, Inc., 2002 U.S. Dist. LEXIS
27599 (S.D. Ohio 2002).................................................................................................13

Miranda v. Clark County, Nev., 279 F.3d 1102, 1106 (9th Cir. 2002).........................................3

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

(ii)

620338.01/WLA
-

DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL,
LLC'S JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**Page(s)**

Papasan v. Allain, 478 U.S. 265, 286 (1986) ...................................................................3

Rowe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 (6th Cir. 2001) ......................12

Sanders v. First Nat'l Bank & Trust Co., 936 F.2d 273, 277 (6th Cir. 1991) ..............10

Schwartz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985) ............................................12

SGS Tools Company and Dauphin Precision Tool, LLC v. Step Tools Unlimited,
    Inc. d/b/a Destiny Tool, N.D. Ohio Case No. 5:04 CV 1315...................................2

Sprewell v. Golden State Warriors, 266 F.3d 979, 987.....................................................3

USM Corp. v. SPS Technologies, Inc., 102 F.R.D. 167 (N.D. Ill. 1984) .......................11

Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) .............................3

Westwood Chemical Co. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981) ...................13

Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000)..................3

Yaklevich v. Kemp, Schaeffer & Rowe Co., LPA, 68 Ohio St. 3d 294, 298 (1994) ....................6

Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 338 (1971) ...................9

**Statutes**

15 U.S.C. §15(b) ..............................................................................................................9

28 U.S.C. § 1404(a)............................................................................... 1, 14, 15, 16

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

620338.01/WLA

(iii)
DEFENDANTS SGS TOOLS COMPANY AND DAUPHIN PRECISION TOOL,
LLC'S JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT